RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/22/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT J. WHITEMAN, JR. | DOCKET NO. 1:14-CV-657; SEC. P |
| VERSUS | JUDGE TRIMBLE |
| FCC - POLLOCK | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* petition for writ of habeas corpus of Robert J. Whiteman, Jr., filed pursuant to 28 U.S.C. §2241. Petitioner is in the custody of the federal Bureau of Prisons, incarcerated at the Federal Correctional Institution at Pollock, Louisiana. Petitioner challenges a disciplinary conviction that resulted in the loss of good-time, disciplinary segregation, and the loss of privileges. Whiteman requests that the disciplinary conviction be expunged and his good-time be restored, or that the conviction be amended to a lesser offense, or that a new hearing be ordered.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Facts and Procedure

On November 2, 2012, an officer recovered a cellular telephone from a bathroom in a federal correctional facility in Cumberland, Texas. The Bureau of Prisons forensics lab in Washington, D.C., analyzed the data on the phone and determined that three SMS messages were sent or received from the device at some time prior

to November 2, 2012. One text was sent to phone number 609-351-1247. An investigation revealed that only one inmate in the entire BOP had phone number 609-351-1247 on his telephone list – Petitioner Whiteman. Whiteman made regular telephone calls to the number. Additionally, in February 2012, Whiteman had been housed at the Cumberland facility, in the exact unit where the cell phone was later found. Whiteman was found guilty of possession, introduction, or manufacture of a hazardous tool, i.e., cellular telephone (Incident Number 2393417). He was sanctioned with the loss of 41 days of good time, 30 days of segregation, 30 days of telephone restriction, and 180 days of telephone restriction, suspended, pending 180 days of clear conduct.

### *Law and Analysis*

Prison inmates who lose good conduct time credits as a result of prison disciplinary convictions are entitled to the procedural due process protections set forth in Wolff v. McDonnell, 418 U.S. 539 (1974). See Murphy v. Collins, 26 F.3d 541 (5th Cir. 1994). As petitioner was deprived of good conduct time credits as a result of the disciplinary conviction complained of, he was entitled to: (1) written notice of the charges against him at least 24 hours before the hearing; (2) a written statement of the fact-finder as to the evidence relied on and the reason for the disciplinary action and (3) the opportunity to call witnesses and present documentary evidence in his defense. See Wolff, 418 U.S. at 563-66. There are

no allegations or indications that Petitioner was denied due process under Wolff.

Petitioner was provided written notice of the charges against him on January 4, 2013, and the hearing was conducted on January 7, 2013. [Doc. #1, p.11] He was afforded the opportunity to appear, and he testified on his own behalf. Petitioner was provided a written statement of the fact-finder as to the evidence relied on and the reason for the disciplinary action. [Doc. #1, p.11-12]

Petitioner claims there is insufficient evidence to support the conviction. This claim, however, is without merit. "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." Broussard v. Johnson, 253 F.3d 874, 877 (5th Cir. 2001). "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001). The information provided in a written incident report, standing alone, can satisfy the "some evidence" standard. Id. at 536-37.

The DHO considered Petitioner's denial of having possessed the cellular telephone. However, the DHO gave greater weight to the evidence that a text message was sent to, and received from, the discovered cell phone and a phone number that appears exclusively on Plaintiff's inmate telephone list. Accordingly, there is "some evidence" in support of the DHO's findings and the petitioner's

conviction. See <u>Superintendent, Massachusetts Correctional Institution v. Hill</u>, 472 U.S. 445 (1983).

*Conclusion*

The Court has given Whiteman's petition preliminary consideration pursuant to 28 U.S.C. § 2243[1] and Rule 4 of the Rules Governing §2254 Cases in the United States District Courts,[2] which is applicable to §2241 petitions under Rule 1(b).[3] According to Rule 4, a district court may dismiss an application for habeas corpus relief "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."[4] Such is the case in the captioned matter.

Accordingly, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED AND DISMISSED with prejudice.**

*Objections*

Under the provisions of 28 U.S.C. **§636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.** A party may respond to

---

[1] 28 U.S.C. § 2243 (West 2010) ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[2] 28 U.S.C. § 2254 PROC. R. 4 (West 2010).

[3] See id. at PROC. R. 1(b) ("The district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a).").

[4] Id. at PROC. R. 4.

4

another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of August, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE